### Golden Rutherford v. The State.

No. 3031. Decided February 25, 1914.

**1.—Murder—Continuance—Practice on Appeal.**

Where the judgment is reversed and the cause remanded, it is not necessary to consider the motion for continuance.

**2.—Same—Charge of Court—Threats—Self-defense.**

Where, upon trial of murder, the evidence raised the issue of self-defense, both from the standpoint of apparent danger and also of threats by the deceased, the failure of the court to charge on self-defense as requested was reversible error.

Appeal from the District Court of Midland. Tried below before the Hon. S. J. Isaacks.

Appeal from a conviction of murder in the second degree; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

*Charles Gibbs,* for appellant.—On question of court's failure to charge on self-defense: Johnson v. State, 54 Texas Crim. Rep., 168, 114 S. W. Rep., 1178; Purvis v. State, 52 Texas Crim. Rep., 316, 106 S. W. Rep., 355.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Judge.—This conviction was for murder in the second degree and the punishment was assessed at twenty-five years in the penitentiary.

Appellant sought a continuance which was refused. By the absent witness he expected to prove threats against his life,—made by the deceased. In view of the fact the case will be reversed upon another question, the motion for continuance is not discussed. The absent testimony may be had upon another trial.

The court failed to charge self-defense. Appellant excepted and tendered a charge submitting that issue which was refused. In this the court erred. The deceased and appellant had had previous difficulties, growing out of the fact that the deceased was trying to induce the woman with whom appellant was living as his wife to leave appellant. The appellant naturally demurred. The deceased, on different occasions, made serious threats against his life which were communicated to defendant and some of which were made directly to the defendant. The

defendant further shows that on several occasions the deceased undertook to assault him with a knife and on one or more occasions was armed with a pistol, as appellant believed when they had trouble. Appellant ran from deceased on these previous difficulties. On the morning of the homicide appellant was going down the stairway with a view of going across the street from the hotel where he was at work to secure tobacco. When he reached the bottom of the flight of steps, the deceased appeared at the door. A screen door intervened between them, when appellant reached to open the door, the deceased also reached for it. Without going into a detailed statement of what there occurred, appellant testified that on account of these matters occurring previously, and what he thought were demonstrations on the part of deceased and this remark of deceased, "Now, God damn you, etc.," he thought deceased was going to do him violence,—either kill, or inflict upon him serious bodily injury, and he shot. After he fired this shot, or maybe the second shot, the deceased fled and appellant followed shooting a time or two after they got away from the door. It is evident from the circumstances and the testimony that the deceased was shot at the door and not after he left. We are of opinion that this evidence, without going into detail, suggested the view of self-defense and the court erred in not giving it and also erred in refusing to give the special requested instruction. The law of self-defense should not only have been given, from the standpoint of apparent danger, but also viewed in the light of threats. Both issues were raised by this testimony. This applies to the difficulty at the door. The subsequent part of the difficulty presents another question but this was not charged upon by the court.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*